Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

Joseph Jeziorkowski, Esq.
VALIANT LAW
303 Old Tarrytown Road – 2nd Floor
White Plains, New York 10603
T. (914) 595-6702
F. (909) 677-2290
jjj@valiantlaw.com
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARITZA CRISEIDA MELENDEZ, and IVANNA BALAREZO MELENDEZ, | Case No.   24 CV 5615 |
| Plaintiffs, | **COMPLAINT in an FLSA ACTION** |
| -against- | ECF Case |
| MOHO MEXICAN GRILL LLC, dba MOHO MEXICAN GRILL, and MOHIB MIHRABIZADA, and MOJIB MIHRABIZADA, individually, | **Jury Trial Demand** |
| Defendants. | |

---

Plaintiffs, Maritza Criseida Melendez and Ivanna Balarezo Melendez (collectively, "Plaintiffs"), upon personal knowledge as to themselves and upon information and belief as to all other matters, by and through their undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, respectfully file this Complaint against defendants, Moho Mexican Grill LLC, dba Moho Mexican Grill ("Moho Mexican

Grill"), and Mohib Mihrabizada, and Mojib Mihrabizada, individually (all defendants collectively referred to as "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day they worked a shift in excess of ten (10) hours; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County, in the City of New York.

2

6. Defendant, Moho Mexican Grill LLC, is a domestic limited liability company, organized and operating under the laws of the State of New York, with a principal place of business at 38-05 Bell Boulevard, Bayside, New York 11362.

7. Defendant, Mohib Mihrabizada, is the Chief Executive and Financial Officer, President, owner, shareholder, director, supervisor, proprietor, and managing agent of Moho Mexican Grill, who actively participated, and continues to actively participate, in the day-to-day operations of Moho Mexican Grill during all relevant times, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Moho Mexican Grill.

8. Defendant, Mojib Mihrabizada, is an owner, shareholder, director, supervisor, proprietor, and managing agent of Moho Mexican Grill, who actively participated, and continues to actively participate, in the day-to-day operations of Moho Mexican Grill during all relevant times and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Moho Mexican Grill.

9. Upon information and belief, defendants Mohib Mihrabizada and Mojib Mihrabizada are brothers, who jointly own and operate the restaurant.

10. The business of Moho Mexican Grill is to prepare and sell food and drink to the general public.

11. Items sold to the public at Moho Mexican Grill crossed state lines in the supply chain before being delivered to and prepared by Moho Mexican Grill.

12. Defendants, Mohib Mihrabizada and Mojib Mihrabizada, jointly exercised control over the terms and conditions of Plaintiffs' employment in that they have and at all relevant times, had the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) otherwise affected the quality of the employees' employment.

13. Defendants Mohib Mihrabizada and Mojib Mihrabizada directly controlled the terms and conditions of Plaintiffs' employment including determining rates and methods of pay, work schedules, and they had the authority and duty to create and maintain employment and payroll records.

14. Upon information and belief, at all relevant times, Moho Mexican Grill was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15. At times relevant to this litigation, the corporate and individual Defendants were Plaintiffs' employer, within the meaning of the FLSA and the New York Labor Law.

16. Plaintiff, Maritza Criseida Melendez, was continuously employed by Defendants in Queens County, New York to work as a non-exempt waitress, kitchen

4

helper, and cleaner for Defendants' Mexican restaurant from in or about October 2021 until July 2022.

17. Plaintiff, Ivanna Balarezo Melendez, was continuously employed by Defendants in Queens County, New York to work as a non-exempt waitress, kitchen helper, and cleaner for Defendants' Mexican restaurant from in or about July 2021 until July 2022.

18. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor law.

22. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a workweek.

23. Plaintiffs worked in excess of forty (40) hours per week.

24. Defendants did not provide Plaintiffs with an accurate wage statement each week.

25. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

26. In or about October 2021, defendants Mohib Mihrabizada and Mojib Mihrabizada hired Plaintiff Maritza Criseida Melendez to work as a non-exempt waitress, kitchen helper, and cleaner for Defendants' Mexican restaurant, known as Moho Mexican Grill, located at 38-05 Bell Boulevard, Bayside, New York 11361.

27. Plaintiff continuously worked for the Defendants in such capacities until July 2022.

28. During the course of Plaintiff Maritza Criseida Melendez's employment by Defendants, she regularly worked over forty (40) hours per week.

29. Throughout her employment, Plaintiff worked six (6) days a week, and her work shift consisted of ten (10) or more hours per day.

30. During the one (1) year that she worked at Moho Mexican Grill, Plaintiff Maritza Criseida Melendez was required to work a between fifty (50) and seventy (70) hours per week. She typically worked approximately sixty (60) hours per week.

31. Throughout the entirety of her employment, Plaintiff was not paid proper minimum wages or overtime compensation. Plaintiff was paid fourteen dollars ($14.00) per hour, for all hours worked, and worked approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half, as required by state and federal law.

32. In or about July 2021, defendants Mohib Mihrabizada and Mojib Mihrabizada hired Plaintiff Ivanna Balarezo Melendez to work as a non-exempt waitress, kitchen helper, and cleaner for Defendants' Mexican restaurant, known as Moho Mexican Grill, located at 38-05 Bell Boulevard, Bayside, New York 11361.

33. Plaintiff continuously worked for the Defendants in such capacities until July 2022.

34. During the course of Plaintiff Ivanna Balarezo Melendez' employment by Defendants, she typically worked over forty (40) hours per week.

35. Throughout her employment, Plaintiff worked five (5) or six (6) days a week, and her work shift consisted of ten (10) or more hours per day.

36. During the one (1) year that she worked at Moho Mexican Grill, Plaintiff Ivanna Balarezo Melendez was required to work a between fifty (50) and sixty (60) hours per week.

37. Throughout the entirety of her employment, Plaintiff was not paid proper minimum wages or overtime compensation. Plaintiff was paid fourteen dollars ($14.00) per hour, straight time, for all hours worked, and worked approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half, as required by state and federal law.

38. Plaintiffs were paid in cash, without any receipt or other documentation of their hours and wages.

39. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

40. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying proper wages for all hours worked, to the Plaintiffs.

41. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

43. Defendants are not entitled to take any "tip credits" under federal or state law because they: (i.) failed to properly provide notice to all tipped employees, including Plaintiffs, that Defendants were taking a "tip credit", (ii.) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period, (iii.) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, including Plaintiffs, (iv.) caused tipped employees, including Plaintiffs, to engage in non-tipped duties, which exceeded 20% of each workday, and (v.) failed to pay tipped employees, including Plaintiffs, the proper amount of wages and overtime compensation afforded to tipped employees, all of which renders the "tip credit" invalid.

8

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

44. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

47. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

48. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

49. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for hours worked.

50. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

51. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

52. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs.

54. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211€ and 215(a).

55. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

57. Due to the intentional and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages

and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

58. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

59. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

61. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay minimum wages in the lawful amount for all hours worked.

62. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

63. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

64. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.1.

65. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of New York Labor Law § 661.

66. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

67. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

68. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

69. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

71. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

72. Plaintiffs were not provided with a proper, written wage notice, as required by law.

73. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

74. Defendants' failure to provide an accurate annual wage notice entitles each Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

75. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Maritza Criseida Melendez and Ivanna Balarezo Melendez, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums

pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory penalties pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
August 12, 2024

Respectfully submitted,

CILENTI & COOPER, PLLC
*Co-counsel for Plaintiff*
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102

By: */s/ Peter Hans Cooper*
_____
Peter Hans Cooper, Esq.

VALIANT LAW
*Co-counsel for Plaintiff*
303 Old Tarrytown Road – 2nd Floor
White Plains, New York 10603
Telephone (914) 595-6702
Facsimile (909) 677-2290

By: */s/ Joseph Jeziorkowski*
_____
Joseph Jeziorkowski, Esq.